ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| ABIGAIL MORENO EZQUERRA  Parte Recurrente  v.  CARLOS LEDUK  Parte Recurrido | TA2025CE00210 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Municipal de San Juan  Caso Núm.: SJL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  Sobre: Ley 140 Poda de Árbol |
|---|---|---|

Panel integrado por su presidente, el Juez Salgado Schwarz, la Juez Álvarez Esnard y el Juez Rivera Torres.

Salgado Schwarz, Carlos G., Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de julio de 2025.

Comparece ante este Tribunal la parte recurrente, a su vez parte con interés en el asunto ante el Tribunal de Primera Instancia, Municipio Autónomo de San Juan, en adelante MSJ, mediante recurso de *Certiorari* presentado el 24 de julio de 2025, junto a una *Moción en Auxilio de Jurisdicción*, en la cual solicita que paralicemos los efectos de una Orden imponiendo una sanción diaria a estos por incumplimiento con cierta orden dictada por el TPI.

Por los fundamentos que expondremos a continuación, se *desestima* el presente recurso por haberse presentado de forma tardía y por solicitar en un mismo recurso la revisión de dos determinaciones finales distintas del TPI.

**I.**

En lo pertinente a este recurso, la Sala Municipal de San Juan del Tribunal de Primera Instancia dictó una orden el

---

[1] Mediante Orden Administrativa OATA-2025-125 del 8 de julio de 2025 se designa Panel Especial para atender asuntos urgentes o mociones en auxilio de jurisdicción.

23 de octubre de 2024 mediante la cual le ordenó al ayuntamiento a proceder con el corte de cierto árbol que afectaba la convivencia vecinal. El día 2 de junio de 2025 el foro *a quo* procede a dictar una Orden Para Mostrar Causa contra el MSJ por la cual no deba imponérsele sanciones económicas por el incumplimiento con lo ordenado.

Tres días después, el 5 de junio de 2025, el MSJ contesta la Orden indicando, por primera vez en este caso de Estado Provisional de Derecho, que no han cumplido porque, aunque tienen acceso a la propiedad donde está sembrado el árbol destinado al corte, ya que el titular de la propiedad le dejó la llave a una líder comunitaria para que hicieran con el árbol lo que quisieran, no tienen un relevo de responsabilidad firmado por el dueño del inmueble.

El 13 de junio de 2025, el TPI resolvió que no le satisfizo la justificación, y le concedió un último término a la Ciudad Capital para cumplir con lo ordenado en beneficio de la residente que así lo solicitó.

El 16 de junio de 2025, el MSJ solicita Reconsideración de está última orden, enumerando un listado de razones por la cual no puede cumplir la susodicha orden, a lo que la distinguida Magistrada del TPI resolvió el 20 de junio de 2025, que en este caso se celebró una vista y en ningún momento el ayuntamiento indicó algún reparo para cumplir con lo ordenado, denegando la reconsideración y recordando la sanción ordenada por incumplir.

El 27 de junio de 2025, el MSJ presentó una *Moción de Relevo de Sentencia y/o (sic) Orden al Amparo de la Regla 49.2(d) de Procedimiento Civil*, la cual fue resuelta por la Magistrada el 30 de junio de 2025 con un No Ha Lugar.

Inconforme, el MSJ presenta este recurso el 24 de julio de 2025, alegando la comisión de los siguientes errores:

       i.   Erró el Honorable Tribunal de Primera Instancia al emitir una orden multando diariamente $50.00 al Municipio de San Juan por estar impedido de cortar un árbol privado en una residencia privada sin tener un relevo de responsabilidad del dueño de la propiedad a pesar de haberle informado para el record en la vista del 23 de octubre de 2025 al Tribunal, que era indispensable para que el Municipio pudiera ingresar en una propiedad privada.

      ii.   Erró el Honorable Tribunal de Primera Instancia al declarar NO HA LUGAR la Moción de Relevo de Sentencia, presentada por el Municipio de San Juan que carece de otro remedio ordinario adecuado en ley para impugnar la referida orden.

Según explicaremos a continuación, la puerta de entrada a este Foro Revisor quedó irremediablemente cerrada por la tardanza de la apelante, aun en su fallido intento de mezclar dos ordenes revisadas en un solo recurso de *Certiorari.*

-II-

**A.**

La jurisdicción y competencia de este Tribunal para atender el presente recurso de *certiorari* están establecidas claramente en las disposiciones legales provistas por la Ley Núm. 103-2003, según enmendada, conocida como Ley de la Judicatura de 2003 (en adelante, Ley de la Judicatura de 2003), 4 LPRA secs. 24(t) *et seq.* y en la Regla 33 de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 33. El Artículo 4.006(b) de la Ley de la Judicatura de 2003, *supra*, establece que este Tribunal conocerá de cualquier resolución u orden dictada por el Tribunal de Primera Instancia mediante *Certiorari* expedido a su discreción. El Tribunal de Apelaciones tiene facultad

para atender los méritos de un recurso de *Certiorari* al amparo del citado Artículo 4.006(b), supra, si el mismo se presenta oportunamente dentro del término reglamentario de treinta (30) días, contado a partir del archivo en autos de copia de la notificación de la resolución u orden recurrida, a tenor con lo dispuesto por la Regla 32(D) de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 32(D). El auto de *Certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723 (2016); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005); *Pueblo v. Colón Mendoza*, 149 DPR 630, 637 (1999). Su principal característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

**B.**

En reiteradas ocasiones el Tribunal Supremo de Puerto Rico, en adelante TSPR, ha manifestado que la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[2] Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional.[3] Esto debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción.[4]

---

[2] *Ruiz Camilo v. Trafon Group, Inc*, 200 DPR 254, 267 (2018). Véanse, además: *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *Cordero et al. v. ARPe et al.*, 187 DPR 445, 456 (2012); *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012); *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012); *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[3] *Id.*, pág.268; *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233-234 (2014); *Cordero et al. v. ARPe et al.*, supra, pág.457; *Cruz Parrilla v. Depto. Vivienda, supra*, pág.403.
[4] *Id.*; *Cordero et al. v. ARPe et al., supra*, pág.457.

Así pues, reafirma el TSPR "[…] que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con ésta son privilegiados y deben atenderse de manera preferente.[5] Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por éstas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues éste incide directamente sobre el poder mismo para adjudicar una controversia.[6]

Por definición, un requisito jurisdiccional es aquel que debe cumplirse antes de que el tribunal pueda conocer del pleito.[7] En particular, un término jurisdiccional es fatal, improrrogable e insubsanable, por lo que no puede acortarse ni extenderse.[8] Asimismo, [el TSPR ha] expresado que el incumplimiento de una parte con un término jurisdiccional establecido por ley priva al tribunal de jurisdicción para atender los méritos de la controversia.[9] En síntesis, no tenemos discreción para asumir jurisdicción donde no la hay.[10]

Una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, toda vez que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".[11] Esto ocurre debido a que su presentación carece de eficacia y no produce ningún efecto jurídico, ya

---

[5] *Id.; Mun. de San Sebastián v. QMC Telecom, supra*, pág.660; *Horizon v. Jta. Revisora, RA Holdings, supra*, pág.234; *Cordero et al. v. ARPe et al., supra*, pág.457.

[6] *Id.; Shell v. Srio. Hacienda, supra*, pág. 123; *Yumac Home v. Empresas Massó, supra*, pág. 103; *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005).

[7] *Id.*, pág.268.

[8] *Id.; Insular Highway v. A.I.I. Co.*, 174 DPR 793, 805 (2008); *Caro v. Cardona*, 158 DPR 592, 608 (2003); *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000).

[9] *Id.*, págs.268-269; Véase, además, *Shell v. Srio. Hacienda, supra*, pág.123.

[10] *Id.*, pág.269; *Yumac Home v. Empresas Massó, supra*, pág.103; *Mun. de San Sebastián v. QMC Telecom, supra*, pág.660; *Shell v. Srio. Hacienda, supra*, pág.123; *Souffront v. A.A.A., supra*, pág.674.

[11] *Id.; Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

que en ese momento o instante en el tiempo todavía no ha nacido autoridad judicial o administrativa para acogerlo.[12]

En lo pertinente al asunto ante nuestra consideración, el TSPR ha expresado lo siguiente:

[…]

> Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración.[13]

En estos casos, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia.[14] Esto es, procede la inmediata desestimación del recurso apelativo según lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos.[15]

**-III-**

Según hicimos constar en el recuento procesal, la orden impugnada por el primer señalamiento de error fue dictada el 13 de junio de 2025[16], y su reconsideración denegada el 20 de junio de 2025[17]. En estricta matemática básica, el recurso fue presentado treinta y cuatro días después de que se resolviera la reconsideración solicitada.

Aún si utilizáramos nuestra creatividad judicial para entender que el término comenzaría luego de la determinación declarando No Ha Lugar la *Solicitud de Relevo de Sentencia*

---

[12] *Id.*
[13] *Yumac Home v. Empresas Massó, supra,* pág.107.
[14] *Ruiz Camilo v. Trafon Group, Inc, supra; Mun. de San Sebastián v. QMC Telecom, supra*, pág.660.
[15] *Id.; S.L.G. Szendrey-Ramos v. F. Castillo, supra*, pág.883.
[16] Véase Expediente Electrónico, Apéndice 10.
[17] Íd, Apéndice 12.

*y/u orden* al Amparo de la Regla 49.2(d) de Procedimiento Civil, lo cual no adoptamos como derrotero adjudicativo ya que sería un total desvarío procesal de nuestra parte, aún tendríamos que desestimar el recurso, ya que la parte recurrente está solicitando revisión de dos resoluciones u órdenes distintas y solamente pagó aranceles por una.

## -IV-

Por los fundamentos antes expuestos, procede la desestimación del recurso de *certiorari* por falta de jurisdicción, por tardío y por incumplimiento con el ordenamiento procesal.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Rivera Torres concurre sin opinión escrita.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*